UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 2:14-cv-0578 MCE AC (PS) |
| Plaintiff, | |
| v. | AMENDED FINDINGS AND RECOMMENDATIONS |
| ESTATE OF CIPRIANO ESPINOR, et al., | |
| Defendants. | |

Pursuant to Local Rule 302(c)(19), this matter came before the court on May 11, 2016 for hearing on plaintiff's motion for default judgement, ECF No. 33. Attorney Paul Butler appeared telephonically on behalf of the plaintiff. There was no appearance by defendants. On May 17, 2016, the court issued Findings and Recommendations. ECF No. 38. On May 24, 2016, the plaintiff filed objections to the Findings and Recommendations, ECF No. 39, seeking correction of a typographical error, clarification of a non-party's status, and alternative language for the recommended judgment's interest provision.

On review of the motion, the documents filed in support,[1] the plaintiff's objections, and good cause appearing therefor, the undersigned will vacate the previously-issued Findings and Recommendations, and makes the following Findings and Recommendations in their place.

---

[1] No opposition was filed.

1

PROCEDURAL BACKGROUD

By this action, the United States seeks a money judgment for federal estate tax unpaid by the Estate of Cipriano Espinor ("the Estate") from the Estate, Michael C. Espinor (co-executor and heir), Toni Hicks (co-executor and heir), heirs John Espinor, Richard Espinor, Pauline DiBattista, Martha Espinor, and S&P Sheet Metal, LLC., and Wells Fargo Bank, N.A.  ECF No. 1 (Complaint) at ¶1.  Jurisdiction is properly founded upon 28 U.S.C. sections 1340 and 1345, 26 U.S.C. §§ 6324(a), 7402 and 7403, and 31 U.S.C. § 3713.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since the tax liabilities accrued, decedent resided, and proceeds of the Estate were distributed here.

The Court's record reflects that all defendants were properly served with the complaint between March 25 and April 26, 2014.  ECF Nos. 6-12.  Defendants Martha Espinor and Wells Fargo have both answered the complaint through counsel, but the other named defendants have not appeared and have expressed no intention to appear either *in propria persona* or through counsel.  Wells Fargo has been dismissed from the action.  ECF No. 34.  Default was entered by the Clerk of this Court on September 26, 2014, against all remaining defendants except Martha Espinor.  ECF No. 23.  Plaintiff filed the instant Motion for entry of Default Judgment on March 18, 2016.  ECF No. 33.

FACTS

Cipriano Espinor died testate on October 13, 2004.  ECF No. 1 (Complaint) at ¶12.  After Cipriano's death, co-executors Michael C. Espinor and Toni Espinor Hicks administered the estate informally, without court supervision, and they took actions without court approval.  Id. at ¶¶ 14, 16.  Decedent's will contained a "pour-over" clause directing that residuary assets were to be transferred into a Family Trust executed on April 22, 1997, and distributed in accordance with its terms.  Cipriano and his wife Nora, who predeceased him, were grantors and initial trustees and they were succeeded by Michael C. Espinor and Toni Hicks as trustees.  Id. at ¶¶17-19.  The Family Trust directed, among other things, that upon death of the grantors the trustee was required to set aside sufficient assets to be used to pay federal estate tax debts and obligations of

////

either of the grantors due and owing, and directed the disposition of the remaining assets to the named defendants.  Id. at ¶¶ 20-29.

The complaint identifies real property, business assets and retirement accounts that were under the control of the co-trustee defendants at the time of Cipriano's death.  Id. at ¶¶ 30-31. The Form 706 Estate Tax Return filed by the co-executors listed fair market values of all assets of the Estate, reflecting a total estate value of $5,120,869.  Id. at ¶ 32.  On or about June 26, 2006, executor Michael Cipriano filed an election to defer payment of estate taxes five (5) years and thereafter to pay the remaining tax liability in ten (10) annual installments.  Id. at ¶ 33.  In this election, he admitted that the estate tax liability totaled $1,586,551.00, of which the Estate elected to defer $622,563.  Id. at ¶ 34.

On or about August 16, 2005, the executors made a request for an extension to pay federal estate taxes that had been due a month earlier, that request was granted, and the duly authorized delegate of the Secretary of Treasury continued to make timely assessments itemized in the Complaint from January 17, 2006 through December 17, 2012.  Id. at 35-36.  Other agreements to secure the debt to the United States, to defer payments and enter liens to assure satisfaction, were negotiated between the Estate and the United States over the next few years.  Id. at ¶¶ 37-39.  On June 14, 2012, the IRS declared the Estate to be in default of the installment agreement and terminated it.  Id. at ¶ 43.  On November 8, 2012, the Service sent notice and demand for payment, id. at ¶ 44, and by July 31, 2013, federal estate taxes that remained due and owing amounted to $621,850.85 and continued to accrue interest, id. at ¶ 40.

The complaint asserts, id. at ¶ 48, that with the tax burden unsatisfied, the following assets were distributed by the co-executors/co-trustees, Michael Espinor and/or Toni Hicks:

    1.    A car valued at $35,000 and cash payments and loans of $210,922  to defendant Michael Espinor;

    2.    A pick-up truck valued at $35,000 and cash payments and loans of $440,944 to defendant Toni Hicks;

    3.    A Truck valued at $20,000 and $212,228.00 in cash payments and  loans to defendant Richard Espinor;

    4.  Two (2) Ford automobiles valued at $80,000 and $60,000, and $755,826 in cash payments and loans to defendant John Espinor;

    5.  Cash payments to Pauline DiBatttista of $33,840;

    6.  Cash payments of $27,500 to Craig Gonsalves;[2]

    7.  A cash loan of $120,000, and cash deposits in the amount of $170,145 to S&P Sheet Metal, LLC.[3]

These transfers are described as having been made at a time when the Estate did not have sufficient assets to pay its outstanding liabilities, including its federal estate tax liability, and, at the time of filing, the Estate was in deficit with regard to its outstanding liabilities overall. Id. at ¶¶ 51-53.

## PLAINTIFF'S MOTION

Plaintiff United States of America seeks entry of a default judgment against the Estate of Cipriano Espinor, Michael C. Espinor and Tony Hicks as co-executors of the Estate and Trustees of the Espinor Family Trust and for the value of property they received from the estate before taxes were paid, John S. Espinor, Richard S. Espinor, Pauline DiBattista, and S & P Sheet Metal, LLC, for the value of property they received from the estate before taxes were paid, penalties and interest on that unpaid obligation under 26 U.S.C. section 6324(a). The alleged liability of the individual non-executors is limited to the value of the assets each received from the Estate as trasnferees, trustees, and/or beneficiaries, up to the date of judgment. The liability of the co-executors is alleged to extend to the value of all Estate property they distributed in violation of their fiduciary duty to pay federal estate taxes due pursuant to 31 U.S.C. 3713.

The First Claim for Relief seeks to recover the values received by the beneficiaries as described above. ECF No. 1 (Complaint) at ¶¶ 54-66. The Second Claim for Relief seeks to hold the co-executors liable for the entire amount owed by the Estate, based upon their alleged breach

---

[2] Mr. Gonsalves is not a defendant in this action and the plaintiff seeks no judgment against him individually.

[3] As corrected in plaintiff's Supplemental Memorandum In Support Of Motion For Default Judgment, ECF No. 36.

4

of fiduciary duty in failing to discharge the Estate debts before distributing funds. Id. at ¶¶ 67-75.[4]

The United States has identified the amounts of taxes, statutory additions, and interest that had accrued against the Estate from the death of the testator to the date of the Complaint, id. at ¶ 36, and has identified the various amounts distributed to individual beneficiaries in real property, cash, or personalty, id. at ¶ 48. As of July 31, 2013, the unpaid balance of the Estate taxes due was $621,850.85, plus unspecified accrued interest and statutory additions. Id. at ¶ 36. As of April 1, 2016, the accrued interest and additions had increased the total amount due to $817,944.66. ECF No. 33-1 (Memorandum in Support of Motion) at 7; EC No. 33-2 (Declaration of Revenue Officer Adam Morgan).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits default to be entered against a party who has failed to plead or otherwise defend against an action. The grant of judgment is not, however, automatic. Rather, whether to grant the relief is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion the Ninth Circuit has held that the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F,.2d 1470, 1471-1472 (9th Cir 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

---

[4] A Third Claim for Relief sought to foreclose on the tax liens on Estate Real Property or, if the liens were transferred to a purchaser or security interest holder, a "like lien" upon the property in the hands of the transferor under 26 U.S.C.§§ 6321 through 6324 and § 7403(c). Id. at ¶¶ 76-81. This claim has been dismissed on plaintiff's motion. ECF Nos. 32, 34.

Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ([A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

## DISCUSSION

I. The Eitel Factors

### A. Factor One: The Possibility of Prejudice to the Plaintiff

The United States has been denied payment of estate taxes for over ten (10) years. It has long forborne from seeking a default judgment, and given extensions to the executors and beneficiaries to whom Estate assets were transferred informally while tax responsibilities were ignored. Should judgment be withheld here, where the facts are clear and the delay is palpable, it would only serve to encourage other executors and beneficiaries to take distributions without regard to the tax requirements. The United States is clearly prejudiced by its present inability to collect taxes owed. Absent default judgment, the United States would be without recourse for recovery. This factor favors default judgment.

### B. Factor Two: The Merits of Plaintiff's Substantive Claims

The United States has presented a detailed analysis of the amounts due and owing in estate taxes, relying in great part on the values set by the co-executors/co-trustees in the Estate Tax

Return they filed on January 13, 2006.  ECF No. 33-4.  The Estate's representative also presented a copy the Last Will and Testament of Cipriano Espinor, ECF No. 33-3, and the Espinor Family Trust, ECF No. 33-5, with that return, the latter of which directly addressed the duty of the trustees/executors to fulfill their obligations to pay the required estate taxes before distributing the corpus.  ECF No. 33-5 at 3.4.  These documents viewed as a whole clearly demonstrate plaintiff's entitlement to the estate taxes that have been in arrearage for many years.  This factor favors default judgment.

### C. Factor Three: The Sufficiency of the Complaint

The complaint is both factually and legally sufficient to support judgment.  As the legal basis for its claims, the United States relies upon 26 U.S.C. § 6324(a), which imposes liability for failure to pay estate taxes upon transferees who are liable for such taxes to the extent of the value they received, and 31 U.S.C. § 3713(b), which imposes liability on fiduciaries who pay claims to beneficiaries before discharging the taxes owed to the Government.  These statutory provisions indisputably establish the government's right to recover unpaid taxes from the executors, beneficiaries, trustees and transferees.

The factual allegations of the complaint, and exhibits attached to the pleading, set forth all facts necessary to establish that outstanding taxes are owed from the Estate, and that the defendants made and received distributions of assets from the Estate without first satisfying the Estate's tax liability.

This factor favors default judgment.

### D. Factor Four: The Sum of Money at Stake

The question to be answered here is the relation between the amount of money at stake and the seriousness of the defendants' conduct.  The Estate was large and the beneficiaries many, but the controlling factor is that the law was clear – the Estate taxes were to be paid before distributions were made, both pursuant to the statutes discussed above and the terms of the testator's documents being administered by the executors/trustees.  While default judgment is sometimes denied when a large sum of money is involved, see, e.g., Joe Hand Promotions v. Streshly, 655 F.Supp.2d 1136 (S.D. Cal. 2009) (proposed award amount of $100,975 was

7

1  "manifestly excessive under existing law"), the amount that the government seeks here is not
2  excessive in light of the nature of the case.  As in J & J Sports Productions v. Hernandez, No.
3  2:09-cv-3389 GEB KJN, 2010 U.S. Dist. LEXIS 48191at *4 (E.D. Cal. May 17, 2010), the
4  statutes involved here affirmatively contemplate the potential for large awards under certain
5  circumstances.  Here, the sum at stake is large, but not disproportionate to the seriousness of
6  defendants' conduct.  Accordingly, this factor does not weigh against default judgment.

7      E.    Factor Five: The Possibility of a Dispute Concerning Material Facts

8  Upon entry of default, the well-plead allegations of the complaint are taken as true.  Fair
9  Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Where, as here, sufficient facts
10 have been alleged in the complaint as to the non-answering Defendants, no dispute exists as to the
11 material facts as a matter of law.  See Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393
12 (C.D. Cal. 2005) (once default is entered, "there is no likelihood that any genuine issue of
13 material fact exists"); see also Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d
14 1065, 1071 (D. Ariz. 2006) ("[T]here is little possibility of dispute concerning material facts
15 because (a) based on the entry of default, the Court accepts all allegations in [the Complaint] as
16 true... and (b) [the defendant] has not made any attempt to challenge [the Complaint] or even
17 appear in this case.").

18 There is no reason to believe that the non-appearing Defendants could dispute the validity
19 of the facts alleged in the Complaint and documented in support of the motion.  The Estate's tax
20 liabilities were assessed on the basis of the self-reported liabilities presented in the federal estate
21 tax return.  The co-executors/trustees similarly self-reported the distributions of Estate assets to
22 the non-appearing defendants, including distributions made to themselves.  In light of these
23 admissions, there can be no realistic possibility of a factual dispute as to liability or damages.

24     F.    Factor Six: Whether the Default Was Due to Excusable Neglect

25 Where a defendant has received a copy of the complaint, the possibility of excusable
26 neglect is remote.  Elektra Entertainment, 226 F.R.D. at 393 (C.D. Cal. 2005).  Each of the non-
27 appearing defendants here were properly served with this lawsuit as described above.  Moreover,
28 each was also served by mail with the United States' Request for Entry of Default.  Accordingly,

there is no basis for a finding of excusable neglect.

### G. Factor Seven: The Policy Favoring Merits Decisions

Although cases should be decided on their merits whenever reasonably possible, Eitel, 782 F.2d at 1472, this policy does not preclude default judgment where, as here, the defendants fail to appear or defend themselves after due notice. See, e.g., Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (where defendant's failure to appear makes a merits decision impracticable, if not impossible, default judgment is warranted); Hartung v. J.D. Byrider, Inc., 2009 U.S. Dist. LEXIS 54415 *14 (E.D. Cal. 2009) (impracticability plus absence of defendant's infancy or incompetence renders default judgment reasonable). This factor accordingly does not weigh against the entry of default judgment.

## II.   Damages

Plaintiff seeks damages based on the amount of federal estate taxes due and owing as of April 1, 2016, as supported by the Affidavit and Supplemental Affidavit of IRS Revenue Officer Adam Morgan. ECF 33-2, 36-1. The United States also seeks an award of additional interest accrued from April 1, 2016, to the date of judgment plus "such additional statutory additions as provided by law to have accrued" as to the Estate and as to the individual defendants to the degree they received property valued as of the date of decedents death. This Court is not in a position to calculate these additional elements of damages and will, therefore, establish the basic liability of each defendant as of April 1, 2016. If Plaintiff seeks additional damages, it must seek to amend the judgment under Federal Rule of Civil Procedure 52(b). Such a motion must calculate and document the exact amounts to be awarded against each defendant for those damages. If Plaintiff fails to timely seek such amendment, such failure should be construed as a waiver of additional damages.

Having considered the Affidavits of Revenue Officer Morgan and reviewed the exhibits thereto, the undersigned finds as follows:

1. As of April 1, 2016, The Estate of Cipriano Espinor is liable for a total of $817,944.66 in unpaid federal estate taxes.

2. Michael C. Espinor and Toni Hicks, co-executors and co-trustees, distributed property

of the Estate prior to fully paying the federal estate tax liabilities.  They were aware of the Estate's tax liabilities, and did not seek and were not granted discharge from personal responsibility under 26 U.S.C. § 2204.  Accordingly, Michael C. Espinor and Toni Hicks are jointly and severally liable for the full $817,944.66 in unpaid federal estate taxes, pursuant to 31U.S.C. § 3713(b).[5]

3. Michael C. Espinor is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the value of the $219,922 in cash payments and loans and the vehicle valued at $35,000 that were distributed to him as a beneficiary before the Estate tax obligation was satisfied, totaling $245,922.

4. Toni Hicks is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the value of the $440,944 in cash payments and loans and the vehicle valued at $35,000 that were distributed to her as a beneficiary before the Estate tax obligation was satisfied, totaling $475,944.00.

5. Richard Espinor is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the value of the $212,338 in cash payments and loans and the vehicle valued at $20,000 distributed to him as a beneficiary before the Estate tax obligation was satisfied, totaling $232,111.00.

6. John C. Espinor is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the value of the $755,826 in cash payments and loans and two vehicles valued collectively at $140,000 distributed to him as a beneficiary before the Estate tax obligation was satisfied, totaling $895,826.00.

7. Pauline DiBattista is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the $33,840.00 in cash distributed to her as a beneficiary before the Estate tax obligation was satisfied.

////

---

[5]  The burden lay with those who would claim that the government's priority does not apply to so prove under 31 U.S.C. § 3713. United States v. Cole, 733 F.2d 651, 654 (9th Cir. 1984).

8. S&P Sheet Metal, LLC, is jointly liable as an individual transferee, under 26 U.S.C. § 6324(a), for the value of assets distributed to it as a beneficiary before the Estate tax obligation was satisfied, totaling $290,145.00.

## CONCLUSION

IT IS HEREBY ORDERED that the Findings and Recommendations at ECF No. 38 are VACATED.

Moreover, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 33, be GRANTED; and
2. Judgment be entered against all remaining defendants except Martha Espinor, jointly and severally, and damages ordered in the amounts specified above plus all pre-judgment interest that has accrued pursuant to 26 U.S.C. §§ 6606 and 6621(a)(2) up until the date default judgment is entered. Interest shall continue to accrue in accordance with 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601 and 6621(a)(2) from the date judgment is entered until paid in full.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Amended Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 16, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11